UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| **KINSLEY FISK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-00059 |
| | ) | REEVES/LEE |
| **WARREN COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT and EDDIE** | ) | |
| **KNOWLES**[1] | ) | |
| | ) | |
| **Defendants.** | | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's *pro se* complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 2] and motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons discussed below, Plaintiff's request to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and Plaintiff will be granted leave to file an amended complaint.

**I.     FILING FEE**

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). Plaintiff submitted a fully compliant application to proceed *in forma pauperis* on October 10, 2017 [Doc. 1], and it appears from that application that

---

[1] The Court has corrected the spelling of the Defendant's name, which the Plaintiff misspelled as "Knowels." *See Brown v. Warren County Jail*, No. 4:13-CV-80, 2017 WL 1025941, at *1 (E.D. Tenn. Mar. 15, 2017). Accordingly, the Clerk is **DIRECTED** to correct his name in the Court file.

he lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED** and, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the Complaint was received.

Because Plaintiff is in custody at the Warren County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(2), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum to the Warren County Jail to ensure that the custodian of plaintiff's trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is **DIRECTED** to forward a copy of this Memorandum to the Court's financial deputy.

## II. BACKGROUND

Plaintiff, currently in custody at the Warren County Jail, filed this complaint under 42 U.S.C. § 1983 on October 10, 2017 against Defendants Warren County Sheriff's Department and Eddie Knowles, an administrator at the Warren County Jail. [Doc. 2 p. 3]. Plaintiff brings this action after being denied a furlough for surgery, infringement upon the free exercise of his religion, and not being given a furlough to attend his mother's funeral [*Id.* at 3–4]. Plaintiff alleges in his complaint as follows.

Plaintiff has been incarcerated at the Warren County Jail for over a year [*Id.* at 3]. He claims that he was scheduled to have surgery to fix nerve damage on his hand prior to his incarceration [*Id.* at 3–4]. After Plaintiff's incarceration and subsequent missed surgery, his wife rescheduled the surgery [*Id.* at 4]. However, jail officials told Plaintiff that in order for the surgery to be performed, he would have to receive a furlough from a judge [*Id.*]. After Plaintiff's request for a furlough was denied, he claims that his sentencing judge stated that his medical issues would have to be taken care of by the Warren County Jail [*Id.*]. Plaintiff alleges that jail officials claimed that no action could be done without the furlough [*Id.*].

Plaintiff also claims that as a practicing Muslim, he has been denied the right to practice his religious beliefs [*Id.*]. He asserts that he told jail officials that he was a Muslim, and "ask[ed] for the things I need." [*Id.*]. However, Plaintiff alleges that he has not gotten any response to his requests for over a year [*Id.*]. Lastly, Plaintiff claims that his constitutional rights were deprived when he was not allowed to go to his mother's funeral, despite the fact that his wife was told that he would be allowed to go and other inmates have been allowed to go to funerals [*Id.* at 4–5]. Plaintiff requests damages for his pain and suffering, and for the Court to "make [his] situation right the best way possibl[e]." [*Id.* at 5].

### III. ANALYSIS

#### A. *Sua Sponte* Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a

defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

**B.    § 1983 Standard**

To state a claim under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, the plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state

law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000). Plaintiff's complaint in its current form fails to state a claim upon which relief can be granted.[2]

## C. Claims Against the Warren County Sheriff's Department

Plaintiff has named as a Defendant the Warren County Sheriff's Department. However, the Warren County Sheriff's Department is a municipal department of Warren County, and is not itself a municipality. *See, e.g., Smith v. Ritter*, No. 1:12-CV-417, 2013 WL 3753984, at *4 (E.D. Tenn. July 15, 2013) (holding that "the Hamilton County Sheriff's Department is not a suable entity for § 1983 purposes"); *Bradford v. Gardner*, 578 F.Supp. 382, 383 (E.D. Tenn. 1984) (citing *Williams v. Baxter*, 536 F.Supp. 13, 16 (E.D. Tenn. 1981)); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Brinkley v. Loftis*, No. 3:11–CV–1158, 2012 WL 2370106, at *3 (M.D. Tenn. June 22, 2012). Thus, the Warren County Sheriff's Department is not a "person" subject to suit within the terms of § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 689–90 n.53 (1978) (finding that only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983). Therefore, because the Warren County Sheriff's Department is not an entity that can be sued under § 1983, Plaintiff fails to state a claim against this Defendant.

---

[2] Courts in the Sixth Circuit have rejected heightened or lower pleading standards for § 1983 claims and instead found that *Twombly* and *Iqbal* plausibility pleading standards govern. *See e.g.*, *Hutchison v. Metro Gov't of Nashville & Davidson Cty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) ("In context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal*'s standards strictly."); *Vidal v. Lexington Fayette Urban Cty. Gov't*, No. 5:13-117-DCR, 2014 U.S. Dist. LEXIS 124718, at *3 (E.D. Ky. Sept. 8, 2014); *Kustes v. Lexington Fayette Urban Cty. Gov't*, No. 5:12-323-KKC, 2013 U.S. Dist. LEXIS 125763, at *5 (E.D. Ky. Sept. 3, 2013).

### D. Official Capacity Claims

Plaintiff has also filed suit against Defendant Knowles, an administrator at the Warren County Jail. The Sixth Circuit has made clear that a suit brought against a public, government official will not be construed as seeking damages against a defendant in his individual capacity unless the claim for individual liability is clearly and definitively set forth in the pleading. *Perlfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995); *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993). In fact, absent any indication a defendant is being sued in his individual capacity, courts must assume the defendant is being sued only in his official capacity as an employee of the government entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). Therefore, Plaintiff's claims against Defendant Knowles are brought against him in his official capacity only.

However, to establish a claim for damages, Plaintiff must show that each Defendant upon whom he seeks to impose liability, through that Defendant's own conduct, has violated Plaintiff's constitutional rights. *See Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) ("A critical aspect of the § 1983 . . . universe is that to be held liable, a plaintiff must demonstrate 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)); *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.") (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Plaintiff has failed to allege the personal involvement of Defendant Knowles in violating his constitutional rights. No specific allegations appear in Plaintiff's complaint to claim that

Defendant Knowles was responsible for, or even knew of, the alleged wrongdoings of the jail staff. The Sixth Circuit has found that where a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claim where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, 238 F.3d 421, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement for each defendant); *Rodriguez v. Jabe*, 904 F.2d 708, 1990 WL 82722, at *1 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

The requirement to plead that a defendant was personally involved arises because "[section] 1983 liability cannot be imposed under a theory of respondeat superior." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (internal citation omitted). To the extent that Plaintiff seeks to hold Defendant Knowles liable based on his supervisory role as jail administrator, a theory of supervisory liability is unacceptable in a § 1983 case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed simply because a defendant "employs a tortfeasor"). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the

Constitution." *Iqbal*, 556 U.S. at 676. A plaintiff must show "that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (internal citation omitted).

Plaintiff's complaint fails to allege that Defendant Knowles violated any of Plaintiff's constitutional rights, or that Defendant Knowles "directly participated" or "encouraged" violations by the jail staff. Without factual contentions to support "the reasonable inference that the defendant is liable for the misconduct alleged," Plaintiff fails to state a claim upon which relief may be granted against Defendant Knowles. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### E. Refusal of Furlough Claims

Plaintiff claims that officials at the Warren County Jail violated his constitutional rights through his sentencing judge's refusal to grant a furlough for Plaintiff to receive surgery on his hand. Additionally, Plaintiff states that his constitutional rights were violated when jail officials refused to allow him to attend his mother's funeral.

To the extent that Plaintiff's conclusory allegations can be construed as asserting violations of his Fourteenth Amendment Due Process rights, he has failed to state a claim upon which relief may be granted. It appears that Plaintiff asserts that the failure of prison officials to grant him the respective furloughs violated his Fourteenth Amendment right to due process. A Fourteenth Amendment procedural due process claim depends on the existence of a constitutionally cognizable "liberty or property interest" with which the State has interfered. *Kentucky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). While there is "no federal constitutional right to a furlough, a state can create a liberty interest protected by the due process clause by its own actions." *Burks v. Harris*, 56 F.3d 64, 1995 WL 325688, at *2 (6th Cir. 1995) (per curiam) (citing *Thompson*, 490 U.S. at 461–63; *Gibbs v. Hopkins,* 10 F.3d 373, 377 (6th Cir. 1993)).

"A state creates a protected liberty interest 'by placing substantive limitations on official discretion.'" *Gibbs v. Hopkins*, 10 F.3d 373, 377 (6th Cir. 1993) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). The Sixth Circuit has held that "in order to create a protected liberty interest, a statute, rule or regulation must use explicitly mandatory language that establishes 'specific substantive predicates' which limit official discretion by mandatorily requiring specific action by the responsible officials once the substantive predicates are found to be in place." *Mackey v. Dyke,* 29 F.3d 1086, 1089 (6th Cir. 1994). In this context, a state-created liberty interest can only exist as a freedom from a restraint which would constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that the liberty interests created by the Due Process clause are limited to freedom from restraint which imposes "atypical and significant hardship" on the inmate)). Once such an interest is established, the Court then turns to what kind of process is due. *Id.*

Tennessee Code Annotated § 40–35–316(a), the relevant statute governing furloughs at county jails, reads in part as follows:

> In any case in which a defendant has been sentenced to a local jail or workhouse subject to the provisions of § 40–35–212, the sentencing court shall have jurisdiction to grant furlough for any medical, penological, rehabilitative or humane reasons, upon conditions to be set by the sentencing court.

In this case, it is clear that the state has not created any liberty interest protected by the Due Process clause. *See Burks v. Harris*, 56 F.3d 64, 1995 WL 325688, at *1 (6th Cir. 1995) (per curiam) ("The Tennessee Statute allowing courts to furlough prisoners does not create protected liberty interest."). The statute "neither places any 'substantive limitations' on that court's discretion nor uses 'explicit mandatory language.'" *Id.* Ultimately, a furlough is not a freedom from an atypical

and significant hardship in relation to ordinary prison life; it is a freedom from ordinary prison life itself.

The state statute governing furloughs, Tennessee Code Annotated § 40–35–316(a), gives discretion to the sentencing court on whether to grant a furlough. *See id.* (holding "the decision whether to grant a prisoner furlough is entirely discretionary with the court"). As the discretion is with the sentencing court, it is unclear how Defendants could have deprived Plaintiff of any liberty interest. Plaintiff was informed that any request for a furlough had to go through his sentencing judge. Since Defendants were not in control of the furlough process, Defendants could not have deprived Plaintiff of his due process rights. Plaintiff sets forth no facts from which the Court can plausibly infer that jail officials had any responsibility to help him receive a furlough. As such, even liberally construing the complaint as a whole in favor of Plaintiff, the Court finds that Plaintiff has failed to state a due process claim against the respective Defendants.

Plaintiff also claims that his constitutional rights were violated by jail officials' refusal of his request to attend his mother's funeral. However, "[a]n inmate has no liberty interest in attending a family member's wake or funeral, as the denial of such an opportunity does not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Rathers v. Raney*, 238 F.3d 423, 2000 WL 1871702, at *2 (6th Cir. 2000) (holding "[t]he district court properly dismissed [the plaintiff's] claim that the defendants improperly denied him permission to attend his brother's wake or funeral"); *see also Jones v. Hawkins Cty. Sheriff's Dep't*, No. 2:09-CV-76, 2010 WL 4962953, at *2 (E.D. Tenn. Dec. 1, 2010) (collecting cases to dismiss Plaintiff's due process and Eighth Amendment claims, as "the Constitution does not confer a due process right upon a prisoner to attend a funeral"). Therefore, Plaintiff also fails to state a claim

for relief under § 1983 relating to his allegations that he was not allowed to attend his mother's funeral.

However, Plaintiff also claims that officials at the Warren County Jail stated that they were unable to take any action regarding his hand. "[D]eliberate indifference to [the] serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'" which violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). An Eighth Amendment claim is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" deprivation; and (2) a subjective component, which requires a showing of a sufficiently capable state of mind, one of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994).

Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *Id.* "[W]here a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated." *Bryan v. Washington Cty. Sheriff's Dep't*, No. 2:10-cv-169, 2012 WL 523653, at *2 (E.D. Tenn. Feb. 15, 2012) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). However, "[w]hen prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, their conduct in causing the delay creates [a] constitutional infirmity." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). Further, "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *See Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (citing *Boretti v. Wiscomb,* 930 F.2d 1150, 1154–55 (6th Cir. 1991)); *see also Estelle*, 429 U.S. at 103 ("[T]he denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose.").

11

Viewing the complaint in a light most favorable to Plaintiff, he alleges that jail officials at the Warren County Jail failed to provide necessary medical treatment in stating they were unable to treat his hand. However, Plaintiff has not sufficiently alleged that he informed a named Defendant of this medical condition or that he sought medical care from a Defendant. Importantly the subjective component of an Eighth Amendment claim requires the plaintiff to show that a defendant possessed a culpable mental state, one of "deliberate indifference." *Farmer*, 511 U.S. at 834; *Estelle*, 419 U.S. at 104. Therefore, even if the Court deems Plaintiff's hand condition to be the type of serious medical need which would satisfy the objective component of an Eighth Amendment claim, there are no contentions which permit the Court to infer a state of mind of deliberate indifference on the part of any Defendant. Without factual contentions to support "the reasonable inference that the defendant is liable for the misconduct alleged," Plaintiff fails to state a plausible Eighth Amendment claim. *Iqbal*, 556 U.S. at 678. However, because Plaintiff is proceeding *pro se* and may be able to allege sufficient facts to state a legally non-frivolous claim for failure to provide medical treatment, the Court will allow plaintiff to amend his complaint as to this claim.

### F. Plaintiff's Free Exercise Claim

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. Prisoners retain certain constitutional rights while incarcerated, including the right to exercise their religious beliefs*, Cruz v. Beto*, 405 U.S. 319 (1972); *Thompson v. Kentucky*, 712 F.2d 1078, 1080 (6th Cir. 1983), subject to reasonable restrictions and limitations by prison officials. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350–53 (1987); *Turner v. Safley*, 482 U.S. 78, 88–93 (1987).

Plaintiff's allegations concerning the free exercise of his religion are purely speculative and do not state an actionable § 1983 claim. *See Twombly*, 550 U.S. at 570 (a complaint will be insufficient unless it offers factual contentions showing a right to relief beyond a "speculative level"); *Johnson v. CCA-Northeast Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 333 (6th Cir. 2001) (noting that speculative allegations are insufficient to state a § 1983 claim); *Geiger v. Prison Realty Trust, Inc.*, 13 F. App'x 313, 315 (6th Cir. 2001) (observing that a speculative contention fails to allege a First Amendment claim). Plaintiff only claims that he has been denied "the things I need" to practice his religion [Doc. 2 p. 4]. This Court lacks jurisdiction over purely speculative claims since they do no present an actual "case or controversy" which this Court can consider. *North American Natural Resources, Inc. v. Strand*, 252 F.3d 808, 812-13 (6th Cir. 2001). Therefore, Plaintiff fails to state a claim upon which relief may be granted as to the free exercise of his religion. However, the Court does not find that it would be inequitable or futile to allow Plaintiff to amend his complaint as to this claim.

## IV.   CONCLUSION

While Plaintiff's complaint as stated does not state a claim upon which relief may be granted as filed against these Defendants, some of Plaintiff's allegations could state a claim, if amended. Accordingly, Plaintiff is allowed twenty-one (21) days from the date of entry of this order to amend his complaint as set forth below. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). The Court finds that Plaintiff may be able to allege sufficient facts to state a legally non-frivolous claim regarding the Warren County jail officials' failure to provide medical treatment, as well as alleged restrictions upon Plaintiff's ability to practice his religion.

Based on the above, Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] is **GRANTED**. Furthermore, Plaintiff is hereby **ORDERED** to file an amended complaint—which will replace and supersede his prior complaint—**within twenty-one (21) days** of the entry of this Order. Plaintiff is **ADVISED** that, unless within twenty-one (21) days of the date on this Order he amends his complaint to remedy the deficiencies noted by the Court, this action will be **DISMISSED** without further notice to Plaintiff for failure to state a claim entitling him to relief under § 1983. *See* Fed. R. Civ. P. 41(b).

Plaintiff is **ORDERED** to inform the Court immediately of any address changes. Failure to provide a correct address to this Court within ten (10) days following any change of address will result in the dismissal of this action.

Plaintiff's amended complaint must comply with Federal Rule of Civil Procedure 8, which provides, in relevant part, that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Accordingly, Plaintiff's amended complaint should contain only concisely stated claims for violations of civil rights, in paragraphs that are labelled and clearly identify the specific causes of action that he wishes to pursue as to each defendant and the facts supporting each such claim.[3]

---

[3] Plaintiff is further **NOTIFIED** that, under Rule 15(c), the Court may only address the merits of claims that "relate back" to the original complaint – that is, the Court can consider only those claims and allegations that "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Thus, Plaintiff is on notice that his amended complaint is not the place for Plaintiff to set forth any wrongs of a different factual or legal nature that Plaintiff has perceived subsequent to the filing of his original complaint. Instead, the amended complaint is merely an opportunity for Plaintiff to name proper entities as defendants to this suit, clarify the exact nature of his claims against each defendant, and provide concise factual allegations supporting each such claim.

The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint which Plaintiff may use to draft this amended complaint.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**